IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KWABENA ASSAMOA               * <br>     Petitioner, <br>   v.                                      *    CIVIL ACTION NO. RWT-06-3070 <br> IRA SHOCKLEY                    * <br>     Respondent. <br>                                             *** | |

**MEMORANDUM OPINION**

Respondent has filed a court-ordered response to the above-captioned Petition for writ of habeas corpus and Petitioner has filed his Rebuttal. (Paper Nos. 6 & 7). Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6. (D. Md.). For reasons to follow, the Petition shall be denied without prejudice and Respondent shall be required to file status reports regarding Petitioner's removal.

I.    Background

Petitioner, a native of Ghana, challenges his continued detention pending removal.[1] (Paper No. 1). He entered the United States on an unknown date and at an unknown location.[2] (Paper No. 6, Ex. A). On May 21, 2003, Petitioner was ordered removed in absentia when he failed to appear for his immigration hearing. (Id., Ex. B). On March 31, 2006, he was taken into the custody of Immigration and Customs Enforcement ("ICE") based upon the outstanding final order of removal. (Id.). Respondent states that since he was taken into custody, ICE has had repeated contacts with the Ghanian Embassy ("Embassy"). An initial travel request was made on April 20, 2006, and

---

[1] The Petition also raised a due process claim regarding the in absentia decision to remove Petitioner. The Court has already advised Petitioner that it lacks subject-matter jurisdiction to review such a claim under the Real ID Act of 2005 or "RIDA." See Paper No. 2 at 1, n.1.

[2] According to Respondent's exhibit, Petitioner claimed entry in 1997, on a fraudulent passport. (Paper No. 6, Ex. A). He filed for an adjustment of status which was denied, and he was placed in removal proceedings.

follow-up telephone calls were made on June 29, June 30, July 3, and July 6 of 2006. (Paper No. 6, Ex. C). Respondent maintains that voice messages were left in the majority of those calls. Further, on August 8, 2006, a second travel document request packet was sent by private delivery service DHL to the Embassy. On September 28, 2006, after several follow-up telephone calls, ICE made direct contact with an employee at the Embassy, who indicated that she would have to check with her supervisor about the travel document request. (Id.). One month later, on October 26, 2006, a representative at the Embassy conducted a telephone interview with Petitioner. Five days later, ICE was informed by Embassy staff that all documentation and opinions written regarding Petitioner's case had been given to the supervisor, who had left the United States for two weeks without giving any response or direction as to the travel documents. (Id.). A follow-up telephone voice message was left with the Embassy employee on November 16, 2006. (Id.).

On December 18, 2006, Petitioner's Deportation Officer sent a request to ICE Headquarters for a 180-day Post Order Custody Review ("POCR") update. (Id.). On January 19 and 22, 2007, Headquarters Staff Officer John Seright left several messages with the Consul General of Ghana, but did not receive a response. (Id., Ex. D).

On January 22, 2007, Headquarters issued a decision to continue Petitioner's detention based on the fact that a request for a travel documents had been submitted to the Embassy and there was no indication at that time that a document will not be issued. (Id., Ex. E). Staff Officer John Seright affirms that ICE has successfully repatriated Ghanaian citizens who are subject to final orders of removal or deportation. (Id., Ex. D). Specifically, he notes that in fiscal year 2005, ICE was able

to repatriate 146 citizens of Ghana, while 136 Ghanians were repatriated in fiscal year 2006.[3] (Paper No. 6, Ex. D).

In rebuttal, Petitioner claims that he should be released because he has been held beyond the presumptively reasonable period of six months. (Paper No. 7). He alleges that his health is deteriorating and he has developed severe waist pain in addition to his high blood pressure. (Id.). Petitioner argues that Respondent has failed to meet his burden of showing that removal is likely to occur in the reasonably foreseeable future because "the Consulate has not issued travel documents, and there is no evidence when, if ever, travel documents will be issued." (Id.).

II       Standard of Review

The decision in Zadvydas v. Davis, 533 U.S. 678 (2001) governs whether an alien's detention pending removal is constitutional. In Zadvydas, the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that

---

[3]   While Respondent states that over 280 Ghanians have been removed in the past two fiscal years, it remains unclear what percentage of Ghanian nationals have been successfully repatriated.

> there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 700.  The purpose of detaining a deportable alien is to insure his presence at the moment of removal. See id. at 697–99.  In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose.  See Clark v. Martinez, 543 U.S. 371, 384, 125 S. Ct. 716, 726 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).

III.    Analysis

Petitioner has the burden of proving that removal is not likely to occur in the reasonably foreseeable future.  Upon a showing that removal is not likely to occur, Respondent must produce evidence to rebut that showing. See Zadvydas, 533 U.S. at 701 ("once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").  In the instant case, Petitioner has offered no evidence, other than the delay in obtaining travel documents, that his removal is not likely to occur in the foreseeable future.  Respondent's assurance that others have been repatriated to Ghana will at the present time suffice as evidence that removal is likely to occur.  In light of the length of Petitioner's detention and the absence of travel documents,[4] however, the Petition will be dismissed without prejudice and administratively closed.  Respondent shall be required to file a status report in thirty days stating the developments and progress made, if any, in obtaining travel documents for Petitioner's repatriation to Ghana.  In the event it becomes evident to the court that Petitioner's removal is not forthcoming, Respondent will be required to again show

---

[4] Indeed, it appears that Ghanian Embassy staff and the Consul General of Ghana have not been exceptionally responsive to ICE officials.

cause why Petitioner's release should not be required.[5]  The court will entertain any motion to reopen submitted by Petitioner.   A separate Order follows.


Date: 2/28/07                                                                /s/                          
                                                                    ROGER W. TITUS
                                                                    UNITED STATES DISTRICT JUDGE

---

[5]       The court may require further information regarding the necessity for Petitioner's continued detention.